UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHN RAFTOPOULOS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:17-cv-00313-JMS-MJD |
| ) | |
| JEFFREY KRUEGER, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and
Directing Entry of Final Judgment**

Petitioner John Raftopoulos seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He argues that he is entitled to relief under *Mathis v. United States*, 136 S. Ct. 2243 (2016), because he does not have the necessary predicate convictions to qualify as a career offender under Section 4B1.1 of the United States Sentencing Guidelines (U.S.S.G.). For the reasons explained below, his petition is **denied**.

## I. Factual and Procedural Background

Petitioner John Raftopoulos is an inmate currently housed at the United States Penitentiary, located in Terre Haute, Indiana. Raftopoulos was indicted in the Middle District of Florida and pleaded guilty to one count of robbery of a bank using force and violence or intimidation, in violation of 18 U.S.C. § 2113(a).

Raftopoulos's presentence report ("PSR") used the 2012 Guidelines Manual to determine his offense level. Pursuant to U.S.S.G. § 2B3.1, Raftopoulos had a base offense level of 20. Two level were added because the property belonged to a financial institution, pursuant to § 2B3.1(b)(1). Two levels were added since Raftopoulos engaged in conduct that instilled fear of

death in the victim teller, pursuant to § 2B3.1(b)(2)(F). Raftopoulos's adjusted offense level was 24.

The PSR identified several prior convictions: grand theft, burglary of a vehicle, battery, resisting arrest with violence, possession of a firearm by a convicted felon, and bank robbery. However, the two identified by the PSR for purposes of the career offender enhancement were a 1991 Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g) in the Southern District of Florida, and a 2000 Bank Robbery, in violation of 18 U.S.C. 2113, in the Southern District of Florida. Since it was determined that Raftopoulos was a career offender as defined in § 4B1.1, his total offense level became 29.

Raftopoulos received a three-level reduction for acceptance of responsibility, leaving him with a total offense level of 26. Raftopoulos was found to have a criminal history category of VI. Based on a total offense level of 26 and a criminal history category of VI, Raftopoulos's guideline imprisonment range was 120 to 150 months' imprisonment.

On June 4, 2013, Raftopoulos was sentenced to 120 months' imprisonment. Raftopoulos appealed his sentence and the Eleventh Circuit affirmed Raftopolous's sentence and found:

> The district court reasonably determined that a sentence at the low end of Raftopolous's advisory guideline range of 120 to 150 months of imprisonment was necessary to address his crime; his lack of respect for the law; his history of offenses involving "force and violence"; and to prevent him from committing future similar crimes that endangered the public. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). Moreover, Raftopoulos faced a maximum statutory penalty of 20 years, but was incorrectly assigned an offense level of 29 instead of an offense level of 32, *see* United States Sentencing Guidelines Manual § 4B1.1(b) (Nov. 2012), which would have resulted in a guidelines range between 151 and 188 months of imprisonment, *id*. ch. 5, pt. A. The district court did not abuse its discretion in imposing a sentence of 120 months, which is well below the statutory maximum penalty for Raftopolous's offense. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

*United States v. Raftopoulos*, 556 F. App'x 864 (11th Cir. 2014).

On June 24, 2016, Raftopoulos filed a motion to vacate his sentence asserting that after *Johnson v. United States*, 135 S. Ct. 2551 (2015) his possession of a firearm conviction no longer qualified as a crime of violence. When *Beckles v. United States,* 137 S. Ct. 886 (2017), was decided, Raftopoulos dismissed his § 2255 motion.

Now before the Court is Raftopoulos's petition for a writ of habeas corpus under § 2241 challenging his sentence.

## II. Discussion

Raftopoulos alleges he is no longer a career offender under the Sentencing Guidelines in view of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). In particular, he claims that his 1990 conviction for possession of a firearm no longer qualifies him as a career offender under § 4B1.1 of the Sentencing Guidelines. The respondent argues that this Court should dismiss Raftopoulos's habeas petition because the claim raised is not cognizable under § 2241.

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). However, § 2255(e) provides that if § 2255 is "inadequate or ineffective to test the legality of his detention," Raftopoulos may file an application for a writ of habeas corpus under 28 U.S.C. § 2241. Section 2255(e) is known as the "savings clause." In order to invoke the saving clause, a petitioner must establish (among other things) that the error at issue is a miscarriage of justice. *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) (*citing Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). For the reasons explained below, Raftopoulos has not suffered a miscarriage of justice and therefore cannot invoke the savings clause of 28 U.S.C. § 2255(e).

In 2016, the Supreme Court in *Mathis* clarified the process for determining whether a defendant's prior state-law conviction qualifies as a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). 136 S. Ct. at 2248. Raftopoulos was not sentenced under the ACCA, but he was sentenced as a career offender under § 4B1.1 of the federal sentencing guidelines.

In *Hawkins v. United States*, 706 F.3d 820, *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013), the Seventh Circuit explained that when the petitioner is sentenced under the "merely advisory" post-*Booker* Guideline regime:

> [P]ostconviction relief is [not] proper just because the judge, though he could lawfully have imposed the sentence that he did impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly.

724 F.3d at 917. Because of this, the Seventh Circuit held that "a sentence that is well below the ceiling imposed by Congress whether directly or by delegation to the Sentencing Commission" could not "be considered a 'miscarriage of justice' that can be collaterally attacked, just because the judge committed a mistake en route to imposing it." *Hawkins,* 706 F.3d at 824-25. To the contrary, "[a]n error in the interpretation of a merely advisory guideline … is not a proper basis for voiding [on postconviction review] a punishment lawful when imposed." *Id.* at 824.

"There are some errors that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim." *Pierce v. True*, No. 17-CV-696-DRH-CJP, 2018 WL 339255, at *2 (S.D. Ill. Jan. 9, 2018) (citing *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013); *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for

4

§ 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017). Raftopoulos was sentenced on June 4, 2013, long after *Booker* was decided. He received a sentence that was within the statutory range (the maximum statutory penalty was 20 years) and below the guideline range of 151-188 months. On appeal, the Eleventh Circuit held that the sentencing court reasonably determined Raftopoulos's sentence and did not abuse its discretion. *Raftopoulos,* 556 Fed. Appx. at 864. Therefore, he cannot demonstrate a miscarriage of justice based on the alleged miscalculation of his advisory Sentencing Guidelines so as to permit a § 2241 petition.

Even if Raftopoulos's claim could be considered, however, he would not be entitled to relief. In order to be classified as a career offender, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3). Excluding Raftopoulos's Felon in Possession of a Firearm conviction, he still has at least two prior crimes of violence convictions:

> 1. Resisting Arrest with Violence, West Palm Beach, Florida, Case No. 89-11742CF – Raftopoulos resisted arrest and assaulted a police officer while doing so. Dkt. 21, Presentence Investigation Report ¶ 50.
>
> 2. Bank Robbery in West Palm Beach, Florida, Case No. 00-8040-CR. *Id.* at ¶ 52.

As a result, Raftopoulos was sentenced below the applicable guideline range and his sentence is not a miscarriage of justice. *Rose vs. Hodges,* 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States.").

5

### III. Conclusion

For the foregoing reasons, Raftopoulos has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, No. 865 F.3d 894, 900 (7th Cir. Aug. 1, 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e).").

**IT IS SO ORDERED.**

Date: 9/25/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JOHN RAFTOPOULOS
28860-004
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov